IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL LYNN HUGHES,                       No. C-12-1276 TEH (PR)

      Petitioner,                       ORDER OF DISMISSAL

   v.

WILLIAM BILL KNIPP, Warden,

      Respondent.
_____/

Petitioner, a state prisoner presently incarcerated at the Mule Creek Correctional Facility in Ione, California, has filed a second or successive Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging a 1998 criminal judgment from Santa Clara Superior Court. Doc. #1. Petitioner argues that the state trial court improperly increased his sentence beyond the statutory maximum in violation of his Sixth Amendment right to trial by jury by finding that his prior robbery and sexual assault convictions in Illinois qualified as strikes under California's Three Strikes law. Id. at 10-11.

//

According to the petition and to the Court's docket, on June 20, 2001, Petitioner filed a petition challenging the same judgment on various grounds, including the same ground raised above, namely, a challenge to the constitutionality of his sentence under the Three Strikes law. See id. at 9-10 and Hughes v. Galaza, No. C-01-2366-TEH (PR), Doc. #1.  This Court denied relief on February 26, 2004.  See id., Doc. #24.  With respect to Petitioner's claim of sentencing error, this Court found that the state court was not unreasonable when it found that Petitioner's prior Illinois convictions qualified as strikes under the Three Strikes law. Hughes v. Galaza, 2004 WL 391506, *8-*11 (N.D. Cal. Feb. 26, 2004). Petitioner appealed, and that appeal was denied by the Ninth Circuit on March 9, 2005.  See Hughes v. Harrison, 129 Fed. Appx. 340 (9th Cir. 2005).[1]

A second or successive petition may not be filed in the district court unless the petitioner first obtains from the appropriate federal court of appeals an order authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained an order from the Ninth Circuit authorizing this Court to consider the instant petition. Petitioner claims that this instant petition is based on "New Case Law", specifically "Wilson v. Knowles, No. 07-17318, D.C. no: CV-4-02858-JW."  Doc. #1 at 10-12.  Petitioner still must obtain permission from the Ninth Circuit to file a second petition, even if his claim

---

[1] United States Court of Appeals, Ninth Circuit, Rule 36-3(ii) prohibits citations of unpublished dispositions and orders issued before January 1, 2007, except when cited for factual purposes, as is the case here.  9th Cir. R. 36-3(ii).

2

is supported by new case law.  See 28 U.S.C. § 2244(b)(3). Accordingly, the Petition is DISMISSED without prejudice to refiling if Petitioner obtains the necessary order.

If Petitioner wants to attempt to obtain the necessary order from the Ninth Circuit, he should very clearly mark the first page of his document as an "APPLICATION FOR LEAVE TO FILE SECOND OR SUCCESSIVE PETITION UNDER 28 U.S.C. § 2254" rather than labeling it as a habeas petition because the Ninth Circuit clerk's office is apt to simply forward to this Court any document labeled as a habeas petition.  He also should mail the application to the Ninth Circuit (at 95 Seventh Street, San Francisco, CA 94103), rather than to this Court.  In his application to the Ninth Circuit, he should explain how he meets the requirements of 28 U.S.C. § 2244(b).

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is dismissed.  Petitioner has failed to make a substantial showing that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is warranted in this case.

Petitioner's in forma pauperis application is DENIED as moot.  Doc. #4.  Petitioner has paid the filing fee.

//
//
//
//

3

The Clerk shall terminate any pending motions as moot and close the file.

IT IS SO ORDERED.

DATED    *06/18/2012*

THELTON E. HENDERSON
United States District Judge

`G:\PRO-SE\TEH\HC.12\Hughes-12-1276-dismissal-successive.wpd`

**United States District Court**
For the Northern District of California

4